CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Melissa Patzelt-Russo
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: (516) 714-4300

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLANDER INTERNATIONAL BUNKERING INC., <br><br>      Plaintiff, <br><br>  v. <br><br> M/V DVINA GULF, IMO No. 9336464, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, <br><br>      Defendant. | IN ADMIRALTY <br><br> NO. 19-CV- |

## VERIFIED COMPLAINT WITH PRAYER FOR PROCESS
## OF MARITIME ATTACHMENT AND GARNISHMENT

**COMES NOW**, Plaintiff GLANDER INTERNATIONAL BUNKERING INC. (hereinafter "GIB" or "Plaintiff"), by and through its undersigned counsel, and files this Verified Complaint against the Defendant M/V DVINA GULF, IMO No. 9336464, her engines, freights, apparel, appurtenances, tackle, etc., *in rem* (hereinafter "M/V DVINA GULF" or "the Vessel"), alleges and pleads as follows:

## I. JURISDICTION, VENUE AND PARTIES

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, and is brought under the provisions of Rule C of

1

the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

2.      Jurisdiction is founded on the presence within the District of the M/V DVINA GULF, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled in Section III below.

3.      Plaintiff, GIB, is a corporation engaged in the business of providing maritime necessaries to ships, namely bunkers, with an address at 2401 PGA Blvd., Suite 155, Palm Beach Gardens, Florida 33410.

4.      Defendant M/V DVINA GULF was and is an ocean going chemical/oil products tanker, registered in Belize, with IMO number 9336464, call sign of V3YM4, and is now, or will be during the pendency of this action, in the District of New Jersey, and subject to the jurisdiction and venue of this Honorable Court. Upon information and belief, the Vessel's registered owner is Viterlef Management Co.

## II. THE SUBSTANTIVE CLAIMS

5.      GIB brings this action in order to recover amounts indisputably due and owing to it by Defendant, arising from the supply of bunkers to the M/V DVINA GULF, pursuant to a maritime contract.[1]

6.      On or about May 30, 2018, Sea Oil Shipping Ltd. (hereinafter "SEA OIL") engaged GIB for a bunker supply delivery of FO-380 CST to the Vessel at the Port of Rotterdam, Netherlands.

7.      On May 30, 2018, GIB confirmed that it would supply the Vessel with the requested quantity of bunkers at the Port of Rio Grande on June 1, 2018 by sending SEA OIL an

---

[1] GIB previously obtained security from the Court of Brindisi, Italy. As set forth in the accompanying motion and memorandum in support of warrant of arrest, GIB will release the foreign security once the Vessel in successfully arrested. Security in the Italian proceedings in being contested by owners of the Vessel on the basis that there is no right to recovery in the foreign proceedings.

Order Confirmation the same day. *A copy of GIB's Order Confirmation is attached hereto as* ***Exhibit 1***.

8.      On or about July 20, 2018, SEA OIL engaged GIB for a second bunker supply delivery of FO-380 CST to the Vessel at the Port of Rio Grande, Brazil.

9.      On July 20, 2018, GIB confirmed that it would supply the Vessel with the requested quantity of bunkers on the Rio Grande on July 22, 2018 by sending SEA OIL an Order Confirmation the same day. *A copy of GIB's Order Confirmation is attached hereto as* ***Exhibit 2***.

10.     The two (2) bunker supply contracts incorporates GIB's General Terms and Conditions of Sale. *A copy of GIB's General Terms and Conditions of Sale (GTCS) is attached hereto as* ***Exhibit 3***.

11.     The supply of bunkers was for the account of "DVINA GULF and/or master and/or owners and/or charterers and/or managers and/or operators and/or Viterlef Management Ltd. and/or Sea Oil Shipping Ltd." *See* Exhibit 1, Exhibit 2.

12.     Clause 14 of the specific Terms and Conditions governing the bunker supply contract states as follows:

> In addition to any other security the Seller may have, and as this Contract is entered into and product is supplied upon the faith and credit of the Vessel, it is agreed and acknowledged that a lien over the Vessel is created for the price of the Fuel supplied together with any interest accrued. The Buyer, if not the Owner of the Vessel, hereby expressly warrants that they have full authority of the Agents/Traders/Owners/Managers /Operators/Charterers to pledge the Vessel in favor of the Seller and that they have given notice of the provisions of this Contract to them. The Seller shall not be bound by any attempt by any person to restrict, limit or prohibit its lien(s) attaching to a Vessel. ***The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien***, regardless of the country in which Seller takes legal action. Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity, or otherwise, in any jurisdiction where the Vessel may be found.

*See* Exhibit 3, Clause 13, (emphasis added). Accordingly, Plaintiff may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.* bunker fuel, under the provisions of 46 U.S.C. §§ 31341 *et seq.*

13.    In accordance with the first bunker supply contract, on July 3, 2018, GIB supplied 849.739 metric tons of FO380-CST fuel oil to the Vessel at the Port of Rotterdam.  *A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 4***.

14.    Upon delivery of the bunkers, a Bunker Delivery Receipt was stamped with the seal of the Vessel.  *Id.*

15.    By stamping the Bunker Delivery Receipt, the Vessel's Chief Engineer acted on behalf of the Vessel and her Owner and/or Operator to procure bunkers, and thereby accepted them on behalf of, *inter alia*, the Vessel.  *Id.*

16.    In accordance with the second bunker supply contract, on July 25, 2018, GIB supplied 1.200.083 metric tons of FO380-CST fuel oil to the vessel at the Port of the Rio Grande.  *A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 5***.

17.    Upon delivery of the bunkers, a Bunker Delivery Receipt was stamped with the seal of the Vessel.  *Id.*

18.    By stamping the Bunker Delivery Receipt, the Vessel's Chief Engineer acted on behalf of the Vessel and her Owner and/or Operator to procure bunkers, and thereby accepted them on behalf of, *inter alia*, the Vessel.  *Id.*

19.    On June 3, 2018, GIB submitted an invoice numbered "GIB0618020" for the delivery of the bunkers for the first bunker request for the total amount of USD 369,338.70.  *A copy of the invoice is attached hereto as **Exhibit 6***.  Payment of the invoice was due within forty-five (45) days from delivery, July 18, 2018. *See* Exhibit 1.

4

20.     SEA OIL made a partial payment to the outstanding invoice numbered "GIB0618020" of USD 234,669.19.  The remaining balance of USD 134,669,51 has never been remitted.

21.     On July 25, 2018, GIB submitted an invoice numbered "GIB0718212" for the delivery of the bunkers for the second bunker request to the Vessel for the total amount of USD 584,041.09.  *A copy of the invoice is attached hereto as **Exhibit 7**.*  Payment of the invoice was due within forty-five (45) days from delivery, September 8, 2018.  *See* Exhibit 2.

22.     No payment for the bunkers delivered to the Vessel has ever been remitted for the second bunker request.

23.     As of the date of this filing, and despite demands to the Vessel and her owners and managers, GIB has not received payment for the bunker supply for an aggregate principal amount for the two (2) invoices of USD 718,710.60.  Outstanding interests have accrued totaling USD 42,526.46.  In addition, outstanding late fees have accrued pursuant to GIB's General Terms and Conditions of USD 190,675.97.

24.     The said bunkers delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. The Vessel's charterers and officers, representatives, and agents were authorized to order the necessaries for the account and on the credit of the Vessel.

25.     The Vessel has received the benefit of the bunker deliveries provided by Plaintiff and is indebted to Plaintiff, GIB, and obligated to pay for the aforementioned necessaries. Furthermore, pursuant to Clause 4(d), GIB as seller retained title to the bunkers until the fuel was fully paid for. *See* Exhibit 3.

26.     Under Clauses 19 of GIB's Terms and Conditions governing the contract for the

5

sale of bunkers to the M/V DVINA GULF, the laws of the United States, including CIMLA are applicable for the purpose of the existence of a maritime lien and securing payment of any amount due and owing to the Plaintiff. Accordingly, Plaintiff may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.* bunker fuel, under the provisions of 46 U.S.C. §§ 31341 *et seq. See* Exhibit 3.

27.     As a result of the foregoing, GIB has a maritime lien on the M/V DVINA GULF for the provision of necessaries, *i.e.* bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

28.     Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services.

29.     Payment of all sums has been duly demanded by Plaintiff from the Vessel and its owners, managers, and agents; however, to date, Defendant has neglected, failed, or otherwise refused to pay the outstanding aggregate sum of USD 718,710.60, plus interest and costs, which is indisputably due and owing for the bunkers under the relevant bunker supply contract.

### III. ALLEGATIONS IN SUPPORT OF RULE C ARREST

30.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "29" and incorporates those allegations herein.

31.     As a result of Defendant's failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the bunker supply contract, Plaintiff's claim for the aggregate amount of USD 718,710.60, plus interest and costs, attaches as a maritime lien on the said vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq.* with suit *in rem*.

32.     It is common in Rule C arrest cases for the security (for applicable costs, fees,

interest, etc.) to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 1,078,065.90**. *See* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

33.    Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.    That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against Defendant M/V DVINA GULF (IMO 9336464) *her* engines, freights, apparel, appurtenances, tackle etc. *in rem,* including the issuance of a warrant for the arrest of the M/V DVINA GULF, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B.    That judgment be entered in favor of Plaintiff and against the Defendant M/V DVINA GULF *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C.    That the M/V DVINA GULF, her engines, freights, apparel, appurtenances, tackle etc. *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fee;

D.    That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated: February 8, 2019             Respectfully Submitted,
        Oyster Bay, New York

                                     CHALOS & CO, P.C.

                     By:    /s/ Melissa Patzelt-Russo
                           Melissa Patzelt-Russo (MP-8150)
                           NJ State Bar ID:  022572010
                           55 Hamilton Avenue
                           Oyster Bay, New York 11771
                           Telephone: 516-714-4300
                           Facsimile: 516-750-9051
                           mrusso@chaloslaw.com

                           *Attorneys for Plaintiff*
                           Glander International Bunkering Inc.

OF COUNSEL

Chalos & Co, P.C.
George M. Chalos
Briton P. Sparkman
*Pro Hac Vice Forthcoming*
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: 516-714-4300
Facsimile: 516-750-9051
gmc@chaloslaw.com
bsparkman@chaloslaw.com