UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY,
NEWARK VICINAGE
-----------------------------------------------------------x
GLANDER INTERNATIONAL BUNKERING INC.,

                               Plaintiff,                    2:19-CV-5206 (ES)

    -   against –                           **VERIFIED ANSWER**

M/V DVINA GULF, IMO No. 9336464, her
engines, freights, apparel, appurtenances, tackle,
etc. *in rem*

                               Defendant.
-----------------------------------------------------------x

        Viterlef Management Co., Inc. ("Viterlef" or "Claimant"), as the Claimant to the *in rem* Defendant M/V DVINA GULF (the "Vessel") by its attorneys, Freehill, Hogan & Mahar LLP, as and for its Answer to the Verified Complaint (the "Complaint") of Plaintiff Glander International Bunkering, Inc. ("Glander"), alleges upon information and belief as follows:

### I.    ANSWER TO JURISDICTION, VENUE AND PARTIES

    1.    Admits that this is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that it is within the admiralty and maritime jurisdiction of the United States and this Honorable Court, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 1 of the Complaint.

    2.    Denies the allegations contained in paragraph 2 of the Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

501977.1

4. Admits that the Vessel is an ocean-going tanker bearing IMO number 933646 that is registered in Belize and owned by Viterlef and was within this jurisdiction following the filing of the Complaint, but except as so specifically admitted, denies that this Court properly has jurisdiction over the Vessel and further denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 of the Complaint.

## II.   ANSWER TO THE SUBSTANTIVE CLAIMS

5. Denies the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint, and specifically denies that the routine act of stamping the Bunker Delivery Receipt creates a maritime lien in favor of Glander.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint, and specifically denies that the routine act of stamping the Bunker Delivery Receipt creates a maritime lien in favor of Glander.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to whether Glander has received payment for the bunker supply, and denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint, and specifically denies that U.S. law applies to Glander's maritime lien claims.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

### III.    ANSWER TO ALLEGATIONS IN SUPPORT OF RULE C ARREST

30. Viterlef repeats and re-alleges each and every admission, denial, and denial for lack of knowledge or information set forth in paragraphs 1-29 above with the full force and effect as if set forth at length herein.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in Glander's Prayer for Relief are denied.

### AFFIRMATIVE DEFENSES

1. The Verified Complaint fails to state a cause of action against the answering vessel and the *in personam* defendant upon which relief can be granted.

2. The Court lacks personal jurisdiction over the *in personam* defendant.

3. The Court lacks *in rem* jurisdiction over the defendant Vessel.

4. Venue is improper and/or inconvenient in this District.

5. Insufficiency of process and insufficiency of service of process.

6. Plaintiff has failed to join several indispensible parties under Rule 19 of the Federal Rules of Civil Procedure (including but not limited to the entities with whom the plaintiff and/or its assignor contracted for the physical supply of bunkers identified in the Complaint) in whose absence the Court cannot grant complete relief among the existing parties, and hence the Verified Complaint should be dismissed in the absence of the joinder of these indispensable parties.

7. United States law does not apply to Glander's maritime lien claims as set forth in the Complaint.

8. No payment is due to Plaintiff by the *in personam* answering defendant or the Vessel.

9. Glander was not entitled to arrest the Vessel to enforce its alleged maritime lien claims in this action because Glander's maritime lien claims were previously fully secured by funds posted by Viterlef following the arrest of the Vessel in Italy.

10. Glander did not receive the orders to supply bunkers from an entity with authority to bind the Vessel as required under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. §§ 31301-31343.

11. Plaintiff is not entitled to be secured twice, in Italy and in this Court, on the same claims.

12. The claims and/or certain of the claims identified in the Complaint are subject to arbitration.

13. The arrest at New Jersey was wrongful as a matter of law.

14. Glander is not entitled to maritime liens because it had actual knowledge of the "no lien" clause in the governing charter party.

15. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Viterlef gives notice of and reserves its right to rely on foreign law to the extent it may be applicable.

16. Viterlef reserves the right to amend this Answer, if and once additional information is obtained through discovery.

## **RESERVATION OF RIGHTS**

Viterlef reserves the right to amend this Verified Answer and advance any and all potential counterclaims against Glander, including but not limited to a counterclaim for wrongful arrest of the Vessel.

**WHEREFORE,** Viterlef prays:

(a) That the Complaint be dismissed together with costs and expenses incurred in defense of this action;

(b) That the Court adjudge that Viterlef have no liability for any of the matters alleged in the Complaint;

(c) That Viterlef be awarded all costs including attorney's fees;

(d) That Viterlef be awarded such other, further and different relief as may be deemed just, proper and equitable in the premises.

Dated:  Jersey City, NJ
        March 20, 2019

                                                  Respectfully Submitted,

                                                  FREEHILL HOGAN & MAHAR LLP
*Attorneys for Viterlef Management Co. Inc, as owner and Claimant to the in rem defendant vessel M/V DVINA GULF*

/s/ Michael E. Unger
_____
Michael E. Unger
William L. Juska, *pro hac vice to be submitted*
Michael J. Dehart, *pro hac vice to be submitted*
549 Summit Avenue
Jersey City, NJ 07306-2701
Phone: 973-623-5514
Fax: 973-623-5514
unger@freehill.com

6

## **ATTORNEY VERIFICATION/CERTIFICATION**

I, Michael E. Unger, an attorney at Law of the State of New Jersey and a Member of the Bar of this Court verify, certify and state:

1. I am a shareholder with the law firm of Freehill, Hogan & Mahar LLP, attorneys for Claimant Viterlef. I have read the foregoing Verified Answer and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this Verification/Certification is made by an attorney and not by Claimant is because Claimant is a foreign entity, none of whose officers and/or managers familiar with this matter are presently within this Judicial District. In light of these circumstances, I have been authorized by Claimant to make this verification on their behalf.

4. I hereby verify and certify that the foregoing statements made by me are true. I am aware that if any of these statements made by me are willfully false, I am subject to contempt of Court.

/s/ Michael E. Unger
Michael E. Unger

501977.1

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that, on March 20, 2019, a true and correct copy of the captioned document was served via ECF upon all counsel of record.

/s/ Michael E. Unger

---

Michael E. Unger

501977.1