# DOCUMENT K-2
# (SEE PARA. 13)

## MT DVINA GULF
## ARREST AT NEW JERSEY FOR UNPAID BUNKERS

### ESCROW AGREEMENT

**AGREEMENT dated February 13, 2019**

**BETWEEN:**

    (1)    Viterlef Management Co. ("Viterlef") as Owners of the MT DVINA GULF (the "Vessel"),

    (2)    Glander International Bunkering Inc. ("Glander"),

           ((1) and (2) individually a 'Party', together the 'Parties'); and

    (3)    Freehill Hogan & Mahar LLP as escrow agent ("Freehill")

**WHEREAS:**

(A) Glander commenced arrest proceedings against the Vessel in the United States District Court for the District of New Jersey on February 11, 2019, to obtain security for two maritime lien claims arising out two separate supplies of bunkers to the Vessel on July 3, 2018, and July 25, 2018, pursuant to bunker supply contracts entered between Glander and charterer Sea Oil Shipping Ltd. (the "Maritime Lien Claims");

(B) By Order dated February 11, 2019, the Court granted Glander's request for the arrest of the Vessel, and on February 11, 2019, the Vessel was arrested at the Port of New York/New Jersey;

(C) Glander previously obtained security following arrest proceedings before from the Court of Brindisi, Italy in the amount of EUR 950,000 (the "Italian Court Security");

(D) The parties have agreed that security will be posted in the form of a cash deposit in the amount of USD $1,078.065.90 as substitute *res* for the MT DVINA GULF to the following trust account of Freehill to be held in trust pending resolution of this matter as outlined herein:

| | |
|---|---|
| NAME OF ACCOUNT: | FREEHILL HOGAN & MAHAR LLP |
| ACCOUNT #: | 37032209 |
| ABA #: | 021000089 |
| SWIFT CODE: | CITIUS33 |
| BANK NAME: | CITIBANK N.A. |
| | 153 EAST 53rd STREET, 23rd FLOOR |
| | NEW YORK, NY 10022 |

500007.1

1

**NOW IN CONSIDERATION OF THE MUTUAL PROMISES SET OUT BELOW AND OTHER GOOD AND VALUABLE CONSIDERATION, THE RECEIPT OF AND SUFFICIENCY OF WHICH IS HEREBY ACKNOWLEDGED, IT IS AGREED AS FOLLOWS:**

1. The Parties jointly and severally hereby appoint Freehill as escrow agent for the purposes of this agreement (the "Agreement").

2. The funds are to be transferred to the Freehill's trust account on or before February 13, 2019, and Freehill is to confirm in writing to Glander's counsel when the funds are received with a copy of the remittance confirmation from the bank.

3. The Escrowed Security is to be held as security in respect of Glander's Maritime Lien Claims in the referenced action pending in the District of New Jersey and pending determination of the same.

4. Upon receipt of the Escrowed Security to Freehill's trust account, Glander will immediately take all steps necessary to discontinue the action filed in the Court of Brindisi, Italy, and return the Italian Court Security to Viterlef. Each party to be responsible for their own costs and fees of the Italian Court proceedings.

5. Upon receipt of the Escrowed Security to Freehill's trust account, Glander will immediately release the Vessel from arrest and allow the Vessel to depart the Port of New York/New Jersey.

6. Upon receipt of the Escrowed Security to Freehill's trust account, Glander will refrain from arresting, attaching or otherwise restraining/detaining the Vessel, and further refrain from arresting, attaching, arresting or otherwise restraining/detaining any other vessel, property, or asset under the same ownership, associated ownership, control and/or management in relation to the Maritime Lien Claims.

7. Upon receipt of the Escrowed Security to Freehill's trust account, Viterlef will cause to be filed a Verified Statement of Interest or Right pursuant to Rule C(6)(a)(i) within fourteen (14) days and will serve an Answer pursuant to Rule C(6)(a)(iv) within twenty-one (21) days after filing the statement of interest or right.

8. The Escrowed Security shall be distributed in the following manner, subject to Glander's fulfilment of Clauses 4 and 5 above:

    a. In accordance with any written agreement(s) between the Parties; or

    b. In accordance with the terms of any final judgment (after final appeal, if any) of the United States District Court for the District of New Jersey in respect of the Bunker Claims.

9. Any balance remaining of the Escrowed Security after distribution in accordance with Clause 8 above shall be released by Freehill to the order of Viterlef and/or the client who is instructing Viterlef on behalf of Freehill in these proceedings.

2

500007.1

10. Freehill hereby irrevocably and unconditionally undertakes to hold the Escrowed Security in its trust account and act as escrow agents for the Parties on the terms and conditions set out in this Agreement.

11. The Escrowed Security shall be deposited into the Court Registry Investment System for the U.S. District Court for the District of New Jersey upon the demand of Glander, at which point all of Freehill's obligations as escrow agent under this Agreement shall cease.

12. The Parties shall be entitled, without the consent of the other, to seek and obtain information from Freehill with regard to the status of the account and Escrowed Security.

13. Following the transfer of the Escrowed Security in accordance with Clause 8 and/or 9 above, this Agreement shall terminate.

14. This Agreement may be amended at any time only by and upon the written agreement of the Parties and Freehill.

15. In its performance of its duties under this Agreement, Freehill shall:

    a. be entitled to rely upon any document, instrument or signature believed by it in good faith to be genuine, and shall not be required to investigate the truth or accuracy of any statement contained in any such document or instrument and may assume that any person purporting to give any notice in accordance with the provisions hereof has been duly authorized to do so;

    b. be under no liability to the Parties for any loss that they may incur by reason of any delay or other occurrence attributable to their bankers or any requirement imposed upon them and as escrow agent is to be liable only for its own willful misconduct or gross negligence in the handling of the funds in escrow; and

    c. have no responsibility to invest the Escrowed Security.

16. This Agreement shall be governed by and construed in accordance with the laws of the State of New York and all disputes arising hereunder or relating hereto or arising in connection herewith shall be referred to the state or federal courts in the City of New York.

17. <u>Entire Understanding; Amendments</u>.  This Agreement sets forth the entire understanding among the Parties/Freehill hereto with respect to the subject matter hereof, and supersedes all prior and contemporaneous oral and written, express or implied, communications, agreements and understandings with respect to the subject matter hereof.  No amendment, modification or supplement to this Agreement shall bind or be enforceable against any party hereto unless set forth in a written document signed by all of the Parties/Freehill.

18. <u>Binding Agreement</u>.  This Agreement and all of the terms and provisions herein shall be binding upon, inure to the benefit of, and be enforceable by and against all of the Parties/Freehill and their respective successors and assigns.

19. <u>No Third Party Beneficiaries.</u>  This Agreement is not intended to, and will not, grant or create any rights in favor of any person or entity other than the Parties hereto.

3

500007.1

20. <u>Notices</u>. Except as provided for elsewhere in the Agreement, any notice to any Party hereunder shall be sufficient only if given in writing and delivered by email, hand, registered or certified mail (return receipt requested), or sent by a reliable national overnight courier company with a signed receipt on delivery, to such Party's address as shown below, or to such other address as such party shall have given the other Parties hereto:

    If to Viterlef:

    FREEHILL HOGAN & MAHAR LLP
    80 Pine Street, 25th Fl.
    New York, N.Y. 10005
    Attn.: William L. Juska, Jr.: juska@freehill.com
          Michael J. Dehart: dehart@freehill.com

    If to the Glander:

    CHALOS & Co. P.C.
    55 Hamilton Ave.
    Oyster Bay, N.Y. 11771
    Attn.: George M. Chalos: gmc@chaloslaw.com
          Briton P. Sparkman: bsparkman@chaloslaw.com
          Melissa Patzelt-Russo: mrusso@chaloslaw.com

    If to Escrow Agent:

    FREEHILL HOGAN & MAHAR LLP
    80 Pine Street, 25th Fl.
    New York, N.Y. 10005

21. <u>Execution; Headings</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any headings in this Agreement are included for convenience of reference only and shall not constitute a part of this Agreement for any other purpose.

**This letter and the security provided is being provided and received without prejudice to Viterlef and/or the Vessel, and the rights of all parties hereto are expressly reserved. The Parties further explicitly reserve the right to move pursuant to Federal Supplemental Admiralty Rule E(6) on motion and hearing for good cause shown to increase or reduce the amount of security.**

_____
FREEHILL HOGAN & MAHAR LLP,
as attorneys only for and on behalf of Viterlef

_____
CHALOS & Co. PC,
as attorneys only for and on behalf of Glander

_____
FREEHILL HOGAN & MAHAR LLP as escrow agent

4

500007.1