CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Melissa Patzelt-Russo
Briton P. Sparkman
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: (516) 714-4300

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLANDER INTERNATIONAL BUNKERING INC., <br><br> Plaintiff, <br><br> v. <br><br> M/V DVINA GULF, IMO No. 9336464, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, <br><br> Defendant. | IN ADMIRALTY <br><br> NO. 2:19-cv-05206 |

**PLAINTIFF GLANDER INTERNATIONAL BUNKERING INC.'S
MEMORANDUM IN SUPORT OF MOTION FOR
<u>ORDER GRANTING PREJUDGMENT INTEREST</u>**

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS………………………………………………………………………i

TABLE OF AUTHORITIES……………………………………………………………….…ii

FACTUAL AND PROCEDURAL BACKGROUND………………………………………….1

ARGUMENT…………………………………………………………………………………..1

   A.  ADMIRALTY COURTS TYPICALLY GRANT PREJUDGMENT INTEREST………....1

   B.  THE RATE OF INTEREST IS WITHIN THE DISCRETION OF THE COURT…….......2

   C.  USE OF THE U.S. PRIME RATE IS APPROPRIATE HERE……………….…..….…..2

   D.  PLAINTIFF'S ACCRUAL DATE FOR INTEREST IS SUPPORTED BY LAW…….….3

   E.  PLAINTIFF'S METHOD OF CALCULATION IS CLEAR AND REASONABLE….….4

CONCLUSION………………………………………………………………………………..5

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

*Ambromovage v. United Mine Workers*,
726 F.2d 972, 1984 U.S. App. LEXIS 26089 (3d Cir. 1984) …………………………………….. 2

*Ameejee Valleejee & Sons v. M/V VICTORIA U.*,
661 F.2d 310, 1981 U.S. App. LEXIS 16978 at 313 ……………………………………………..3

*Atl. Forwarding, Ltd. v. MSL Int'l, LLC*,
2013 U.S. Dist. LEXIS 137131 (S.D.N.Y. Aug. 16, 2013) ……………………………………..4

*City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*,
515 U.S. 189, 115 S. Ct. 2091, 132 L. Ed. 2d 148, 1995 U.S. LEXIS 4038 ……………..……..2

*Del. River & Bay Auth. v. Kopacz*,
584 F.3d 622 (3d Cir. 2009) …………………………………………………………………….2

ING Bank N.V. v. M/V Voge Fiesta,
2016 U.S. Dist. LEXIS 145669 (S.D.N.Y. 2016) ………………………………………………..5

*Matter of Bankers Trust Co.*,
658 F.2d 103, 1981 U.S. App. LEXIS 18523 (3d Cir. 1981) …………………………………….1

*Forman v. Korean Air Lines Co.*,
84 F.3d 446, 1996 U.S. App. LEXIS 11525 (D.C. Cir. 1996) …………………………………….2

*Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*,
874 F.2d 431 (7th Cir. 1989) …………………………………………………………………..2

*Great Lakes Bus. Trust v. M/T ORANGE SUN,*

855 F. Supp. 2d 131, 2012 U.S. Dist. LEXIS 27262 (S.D.N.Y. 2012) …………………………….3

*J.P. Provos Mar., S.A. v. M/V AGNI,*

1999 U.S. Dist. LEXIS 12012 (E.D. La. July 29, 1999) ……………………………………….4

*Morpho Detection, Inc. v. Smiths Detection Inc.,*

2013 U.S. Dist. LEXIS 150376 (E.D. Va. Oct. 17, 2013) ………………………………………3

*Norfolk & Portsmouth Belt Line R.R. Co. v M/V MARLIN*,

2009 U.S. Dist. LEXIS 104327 (E.D. Va. Oct. 9, 2009) ………………………………………3

*Noritake Co. v. M/V HELLENIC CHAMPION*,

627 F.2d 724, 1980 U.S. App. LEXIS 13232 (5th Cir. 1980) ……………………………………2

*Stryker Corp. v. Intermedics Orthopedics, Inc.,*

891 F. Supp. 751, 1995 U.S. Dist. LEXIS 10246 (E.D.N.Y. 1995) ……………………………..3

*Sun Ship, Inc. v. Matson Navigation Co.,*

785 F.2d 59, 1986 U.S. App. LEXIS 22713 (3d Cir. 1986) …………………………………….2

*United States v. CITGO Asphalt Ref. Co. (In re Frescati Shipping Co.),*

886 F.3d 291, 2018 U.S. App. LEXIS 7918 (3d Cir. 2018) ……………………………………..2

*World Fuel Servs. Trading, DMCC v. M/V Hebei Shijiazhuang*,

12 F. Supp. 3d 810, 2014 U.S. Dist. LEXIS 49862 (E.D. Va. 2014) …………………………….4

**COMES NOW**, Plaintiff Glander International Bunkering Inc. (hereinafter "Plaintiff"), by and through undersigned counsel of record, and files this memorandum of law in support of Plaintiff's Motion for an Award of Prejudgment Interest. For the reasons set forth more fully below, Plaintiff is entitled to recover prejudgment interest at the prime rate (3.5%) for the forty-three (43) month period in which the unpaid invoices for the bunkers were due and owing prior to judgement. Doc. 59. Specifically, a total of $94,196.00 in prejudgment interest should be awarded in favor of Plaintiff in addition to the Court's March 29, 2022 Judgment awarding Plaintiff 718,710.60 in damages (and $9,915.65 in costs).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff incorporates by reference the Court's summary of the pertinent facts and procedural background in this case. Doc. 58, pp. 1-6. This case involved a maritime lien arising in connection with Plaintiff's supply of fuel to the M/V DVINA GULF in the Summer of 2018. *Id*. On March 29, 2022, the Court granted Plaintiff's Motion for Summary Judgment, awarding Plaintiff $718,710.60 in damages for the unpaid purchase price of the fuel delivered to the Vessel and $9,915.65 in costs. The Court acknowledged that prejudgment interest is typically awarded in such cases, but declined to make an immediate award absent a showing of "the amount or rate of prejudgment interest to be awarded." *Id.*, p. 26. Accordingly, Plaintiff now files this motion, setting out the legal and factual basis in support of its request for an award of $94,605.00 in prejudgment interest.

## ARGUMENT

### A. ADMIRALTY COURTS TYPICALLY GRANT PREJUDGMENT INTEREST

"The rule in admiralty is that "prejudgment interest should be awarded unless there are exceptional circumstances that would make such an award inequitable." Opinion, Doc. 58, p. 26

(quoting *Matter of Bankers Trust Co.*, 658 F.2d 103, 108, 1981 U.S. App. LEXIS 18523 (3d Cir. 1981)). Throughout history, admiralty decrees have included provisions for prejudgment interest. *See City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 194, 115 S. Ct. 2091, 132 L. Ed. 2d 148, 1995 U.S. LEXIS 4038.

### B. THE RATE OF INTEREST IS WITHIN THE DISCRETION OF THE COURT

The Third Circuit Court of Appeals has explained that the award of prejudgment interest is within the discretion of the district court. *Ambromovage v. United Mine Workers*, 726 F.2d 972, 981-82, 1984 U.S. App. LEXIS 26089 (3d Cir. 1984); *see also Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63, 1986 U.S. App. LEXIS 22713 (3d Cir. 1986). "When selecting an interest rate, the District Court must keep in mind that the rate and corresponding award "must be compensatory rather than punitive." *United States v. CITGO Asphalt Ref. Co. (In re Frescati Shipping Co.),* 886 F.3d 291, 314, 2018 U.S. App. LEXIS 7918 (3d Cir. 2018) (citing *Del. River & Bay Auth. v. Kopacz*, 584 F.3d 622, 634 (3d Cir. 2009)). It is respectfully submitted that this Court should exercise its discretion to award prejudgment interest at the prime rate.

### C. USE OF THE U.S. PRIME RATE IS APPROPRIATE HERE

The U.S. prime rate is commonly used by courts awarding prejudgment interest as it is reflective of the approximate cost the defendant would have paid to borrow in the market. *Id*. (*citing Gorenstein Enters., Inc. v. Quality Care-USA, Inc*., 874 F.2d 431 (7th Cir. 1989) (and the Third Circuit acknowledged that the Seventh Circuit Court of Appeals requires use of the prime rate in certain circumstances); *see also Forman v. Korean Air Lines Co*., 84 F.3d 446, 450-51, 1996 U.S. App. LEXIS 11525 (D.C. Cir. 1996). This is because prejudgment interest is awarded "as compensation for the use of funds to which the claimant was rightfully entitled." *Noritake Co.*

*v. M/V HELLENIC CHAMPION*, 627 F.2d 724, 728, 1980 U.S. App. LEXIS 13232 (5th Cir. 1980)).

Although the statutory post-judgment interest rate is tied to Treasury rates, courts have ruled that, "[T]he prime rate is not merely as appropriate as the Treasury Bill rate, but more appropriate.…" as a prejudgment interest rate observing that "the prime rate best compensates a [plaintiff] . . . because the prime rate represents the cost of borrowing money, which is a better measure of the harm suffered as a result of the loss of the use of money over time." *Morpho Detection, Inc. v. Smiths Detection Inc*., 2013 U.S. Dist. LEXIS 150376, at *4 (E.D. Va. Oct. 17, 2013); *see Ameejee Valleejee & Sons v. M/V VICTORIA U.*, 661 F.2d 310, 1981 U.S. App. LEXIS 16978 at 313 (noting that district courts "have been urged to follow the interest rate prevailing commercially."[1]

### D. PLAINTIFF'S ACRUAL DATE FOR INTEREST IS SUPPORTED BY LAW

In addition to setting the rate of interest, this Honorable Court must also fix the date upon which prejudgment interest accrues. Plaintiff respectfully proposes the Court award prejudgment interest from September 8, 2018, the due date of the final unpaid invoice for the fuel supplied to the Vessel. *See* Doc. 58, pp. 3-4 (confirming that Plaintiff completed delivery of the fuel and issued invoices at least 45 days prior to this date). The weight of authority ordering prejudgment interest in similar cases finds that the interest accrues from the date of the loss, *e.g*., the date the invoice became due. *Norfolk & Portsmouth Belt Line R.R. Co. v M/V MARLIN*, 2009 U.S. Dist.

---

[1] "In contrast, ...the 3 month Treasury Bill rate is the cost of raising funds by the Government,' and thus does not generally reflect a [plaintiff's] loss of use of money over time." *Morpho Detection*, 2013 U.S. Dist. LEXIS 150376, at *4 (quoting *Stryker Corp. v. Intermedics Orthopedics, Inc*., 891 F. Supp. 751, 833, 1995 U.S. Dist. LEXIS 10246 (E.D.N.Y. 1995)); *see also Great Lakes Bus. Trust v. M/T ORANGE SUN*, 855 F. Supp. 2d 131, 2012 U.S. Dist. LEXIS 27262 at 156 (S.D.N.Y. 2012) (case awarding prejudgment interest at prime rate, observing that, "given artificially low T-bill rates for the past period, an award of prejudgment interest at that rate would not be adequate.").

LEXIS 104327 (E.D. Va. Oct. 9, 2009), at 45; *see also Atl. Forwarding, Ltd. v. MSL Int'l, LLC*, 2013 U.S. Dist. LEXIS 137131, at *18-19 (S.D.N.Y. Aug. 16, 2013); *World Fuel Servs. Trading, DMCC v. M/V Hebei Shijiazhuang*, 12 F. Supp. 3d 810, 2014 U.S. Dist. LEXIS 49862 (E.D. Va. 2014) (enforcing maritime lien for supply of bunkers ordered by charterer and awarding prejudgment interest against the Vessel in rem and the claimant owner from date that the invoice became due and owing).[2]

### E. PLAINTIFF'S METHOD OF CALCULATION IS CLEAR AND REASONABLE

The U.S. prime rate refers the rate that U.S. banks charge to their most credit-worthy customers. The most common and reliable source of the prime rate is the Wall Street Journal. *See*, https://www.investopedia.com/terms/w/wall-street-journal-prime-rate.asp, last accessed April 5, 2022. The prime rate has been relatively stable and consistent during the period relevant to this case and is currently 3.5%. https://www.wsj.com/market-data/bonds/moneyrates, last accessed April 5, 2022.

On April 7, 2022, Plaintiff used simple interest, compounded annually to compute the amount owed for prejudgment interest in this matter, using the United States Securities and Exchange Commission's online tool found at: https://www.investor.gov/financial-tools-calculators/calculators/compound-interest-calculator. Plaintiff entered the principal amount from the judgment of $718,710.60, the prime rate of 3.5%, and a time period of 3.58 years, representing the approximately forty-three (43) months between the date the unpaid invoice was due and the date of the Court's judgment. The calculation yielded a figure of $94,196.00 for the prejudgment

---

[2] It is respectfully submitted that the invoice date is a fair and reasonable request for the accrual of prejudgment interest in this matter, especially given the fact that there are a minority of maritime lien cases which have awarded prejudgment interest from an even earlier date, *i.e.* the date the necessaries were provided to the vessel. *See J.P. Provos Mar., S.A. v. M/V AGNI*, 1999 U.S. Dist. LEXIS 12012, at *8 (E.D. La. July 29, 1999) (awarding prejudgment interest "from the date the necessaries were provided to the vessel").

4

interest. Other, non-governmental, online calculators yielded similar but slightly different amounts, however Plaintiff submits that the $94,196.00 figure is an appropriate and reasonable, consistent with the authority cited above. An award of this amount is well supported by the case law which gives this Court wide discretionary latitude in such matters. *See e.g.*, *ING Bank N.V. v. M/V Voge Fiesta,* 2016 U.S. Dist. LEXIS 145669 (S.D.N.Y. 2016) (where the district court awarded accrued annual interest of 3.5% (the applicable prime rate at the time) on plaintiff's maritime lien judgment for unpaid bunkers).

## CONCLUSION

WHEREFORE, Plaintiff Glander International Bunkering Inc. respectfully requests that the Court grant Plaintiff's motion granting an order of prejudgment interest in the amount of $94,196.00, in addition to the judgment amount of $718,710.60 in damages, plus costs of $9,915.65; and grant Plaintiff such other and further relief that is just and proper in this matter.

Dated: April 8, 2022  Respectfully submitted,
Oyster Bay, New York


CHALOS & CO, P.C.

By:  /s/ Melissa Patzelt-Russo
Melissa Patzelt-Russo, Esq. (MP-8150)
Briton P. Sparkman, Esq. (Admitted PHV)
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone: 516-714-4300
Facsimile: 516-750-9051
mrusso@chaloslaw.com
bsparkman@chaloslaw.com

*Attorneys for Plaintiff*
*Glander International*
*Bunkering Inc.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April 2022, a true and correct copy of Plaintiff's Memorandum of Law in support of Motion for Order Granting Prejudgment Interest was served on all counsel of record pursuant to cm/ECF.

/s/ Melissa Patzelt-Russo\
Melissa Patzelt-Russo, Esq.